**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ANDREW J. BRUCE, BIANCA
CAPPELLO, JEAN M. CARNEY,
KIMBERLY D. EANES, on behalf of
Themselves and Others Similarly Situated,

　　　　　　　　**Plaintiffs,**

-vs-　　　　　　　　　　　　　　　　　　　　**Case No.  6:12-cv-576-Orl-19DAB**

HANSTELL, L.L.C. d/b/a Boston Beef &
Seafood Restaurant,

　　　　　　　　**Defendant.**

_____

**ORDER**

This case comes before the Court on the Amended Motion to Establish Damages, Attorneys'

Fees, and Costs and to Enter Final Judgment filed by Plaintiffs Andrew J. Bruce, Bianca Cappello,

Jean M. Carney, and Kimberly D. Eanes (collectively "Plaintiffs").  (Doc. No. 48, filed Jan. 28,

2013.)

**Background**

Plaintiffs initially filed this Fair Labor Standards Act ("FLSA") action on behalf of

themselves and others similarly situated against Defendant Hanstell, L.L.C d/b/a Boston Beef &

Seafood Restaurant ("Defendant") on April 16, 2012.  (Doc. No. 1.)  Plaintiffs allege that Defendant

violated the FLSA by: (1) keeping a portion of Plaintiffs' tips to pay for "breakage" and other costs

of the restaurant; (2) charging Plaintiffs for uniforms that they were required to use for their

employment; (3) distributing Plaintiffs' tips to individuals who were not regularly tipped employees;

and (4) failing to pay Plaintiffs for overtime hours worked.  (*Id.* ¶¶ 9-12.)  Defendant filed its

Answer to the Complaint on June 11, 2012.  (Doc. No. 20.)

On November 6, 2011, Lindsey M. Sharp, Esq. ("Sharp"), counsel for Defendant, filed an

Unopposed Second Amended Motion to Withdraw as Counsel for Defendant.  (Doc. No. 41.)

According to the Unopposed Second Amended Motion to Withdraw as Counsel, "Charles Soffron,

the Owner/Operator of the Defendant . . . filed a voluntary petition for bankruptcy relief on October

30, 2012 and has listed [Sharp] personally as a creditor . . . ."  (*Id.* at 1.)  The Court granted the

Unopposed Second Amended Motion to Withdraw as Counsel and stated

> [t]o the extent Defendant wishes to appear and defend this action, it must secure
> substitute counsel in this matter.  Defendant shall have 14 days for new counsel to
> be retained and file a Notice of Appearance. *Failure to appear through counsel in
> this matter may result in the striking of pleadings and the entry of default against
> Defendant.*

(Doc. No. 42 at 2 (emphasis added).)  No Notice of Appearance of counsel was filed on behalf of

Defendant; therefore, Plaintiffs filed a Motion to Strike Defendant's Pleadings and to Enter Default

Judgment.  (Doc. No. 44.)  The Court granted the motion and provided Plaintiffs fourteen days to

submit a motion to establish damages, attorneys' fees, and costs.  (Doc. No. 45.)

On January 10, 2013, Plaintiffs submitted a Motion to Establish Damages, Attorneys' Fees,

and Costs and to Enter Final Judgment (the "Motion").  (Doc. No. 46.)  The Court found that

Plaintiffs adequately established damages under the FLSA; however, Plaintiffs did not carry their

burden in demonstrating entitlement to the amount of attorneys' fees requested, nor did they

establish that they were entitled to all costs requested.  (Doc. No. 47.)  Therefore, the Court

permitted Plaintiffs to amend the Motion within fourteen days from the date of the Order.  (*Id.* at 9.)

Plaintiffs filed an Amended Motion to Establish Damages, Attorneys' Fees, and Costs and to Enter Final Judgment on January 28, 2013 (the "Amended Motion").[1]   (Doc. No. 48.)  Plaintiffs request damages, including liquidated damages, under the FLSA, attorneys' fees, and costs.  (*Id.*) In support of the Amended Motion, Plaintiffs have submitted the following: (1) a spreadsheet reflecting the minimum and overtime wages allegedly owed to each individual Plaintiff (the "Damages Chart") (Doc. No. 48-1)[2]; (2) a portion of the deposition of Charles Soffron (Doc. No. 48-2); (3) the affidavit of Robert R. Debes, Jr. ("Debes"), counsel for Plaintiffs (Doc. No. 48-3); (4) the curriculum vitae of Debes (Doc. No. 48-4); (5) the billing statement of Debes for this action (the "Time Report") (Doc. No. 48-5); (6) a list of expenses incurred through January 9, 2013 by Debes in connection with this action (the "Expenses List") (Doc. No. 48-6); and (7) the declaration of Ryan David Barack (the "Barack Declaration") (Doc. No. 48-7).  Defendant has not filed a response in opposition to the Amended Motion, and the time for doing so has passed.  LOCAL RULE 3.01(b) ("Each party opposing a motion . . . shall file within fourteen (14) days after service of the motion

---

[1] In the Amended Motion, Plaintiffs incorrectly state that the "Court has already granted Plaintiffs' motion (Doc. No. 46) as it pertains to: (1) Plaintiffs' damages, (2) the number of hours (83.7) Plaintiffs' counsel is entitled to recover, and (3) Plaintiffs' counsel's recoverable costs ($1,446.21.)  Therefore, the First Amended Motion is filed *solely* to address the hourly rate of $350 requested by Plaintiffs' counsel."  (Doc. No. 48 at 1 n.1.)  The Court did not grant the first Motion, but instead permitted Plaintiffs to file an amended motion.  (Doc. No. 47.)  In light of the filing of Plaintiffs' Amended Motion, the first Motion is denied as moot.  *Global Tel Link Corp. v. Scott,* 652 F. Supp. 2d 1240, 1251 (M.D. Fla. 2009); 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, *Federal Practice & Procedure* § 1476 (3d ed. 2012) ("A pleading that has been amended . . . supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.")

[2] Plaintiffs contend that the Damages Chart was created pursuant to Federal Rule of Evidence 1006 and represents a "summary of voluminous payroll records produced by Defendant in this case." (Doc. No. 48 at 2.)  Federal Rule of Evidence 1006 provides that a "proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court."  FED. R. EVID. 1006.

or application a response that includes a memorandum of legal authority in opposition to the request

. . . .").

**Legal Standards**

Pursuant to the FLSA, employees are entitled to be paid minimum wage for all hours worked

and one and one-half times their regular rate of pay for all hours in excess of forty hours worked per

work week, absent any applicable tip credits.  29 U.S.C. §§ 206, 207(a).  Generally, the plaintiff has

the burden of proving the amount of damages under the FLSA.  However, the employer bears the

burden of establishing that it is entitled to claim any tip credit.  *Barcellona v. Tiffany English Pub,*

*Inc.,* 597 F.2d 464, 467 (5th Cir. 1979)[3]; *accord Kilgore v. Outback Steakhouses of Fla.,* 160 F.3d

294, 298 (6th Cir. 1998); *Vancamper v. Rental World, Inc.,* No. 6:10-cv-209-Orl-19KRS, 2011 WL

1230805, at *5 (M.D. Fla. Mar. 31, 2011).  If the employer fails to satisfy its burden of showing the

applicability of a tip credit, the employee is "entitled to the full minimum wage for every hour

worked."  *Barcellona,* 597 F.2d at 468; *accord Smith v. Noso, Inc.,* No. 6:06-cv-1123-Orl-28KRS,

2007 WL 2254531, at *4 (M.D. Fla. Aug. 3, 2007).  Additionally, "[u]nder the FLSA a district court

generally must award a plaintiff liquidated damages that are equal in amount to actual damages,"

absent a showing by the employer that the failure to pay minimum wages or overtime wages was

in good faith and that the employer "had reasonable grounds for believing that his act or omission

was not in violation of the" FLSA.  *Rodriguez v. Farm Stores Grocery,* 518 F.3d 1259, 1272 (11th

Cir. 2008) (citing 29 U.S.C. § 216(b)); 29 U.S.C. § 260 (providing a safe harbor provision to

payment of liquidated damages).

---

[3] The Eleventh Circuit Court of Appeals adopted as binding precedent all prior decisions of the former Fifth Circuit Court of Appeals issued prior to October 1, 1981.  *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

In any action brought by an employee to enforce section 206 or 207 of the FLSA, the Court "*shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). The Eleventh Circuit Court of Appeals has held that courts in FLSA cases may award as costs those expenses enumerated in 28 U.S.C. § 1920. *Glenn v. Gen. Motors Corp.,* 841 F.2d 1567, 1575 (11th Cir. 1988). Filing fees, costs of serving process, costs of making copies of materials that are necessarily obtained for use in the case, and deposition costs are recoverable as costs under § 216(b). 28 U.S.C. § 1920; *EEOC v. W & O, Inc.,* 213 F.3d 600, 620, 624 (11th Cir. 2000). However, expenses stemming from meals, postage, air fare, lodging, and computer legal research are generally not reimbursable as costs because they are not enumerated in § 1920. 28 U.S.C. § 1920; *Gary Brown & Assocs., Inc. v. Ashdon, Inc.,* 268 Fed. App'x 837, 845-46 (11th Cir. 2008) (denying a prevailing party's request for mediation expenses, meals, postage, online research, travel, and lodging).

To determine an attorneys' fees award, courts utilize the "lodestar" method which involves multiplying the number of hours reasonably expended on the case by a reasonable hourly rate of compensation and then making any necessary adjustments. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 563 (1986) (citations omitted); *Norman v. Housing Auth. of the City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994) (quotation omitted). The amount of a reasonable number of hours expended focuses on the exclusion of hours that "would be unreasonable to bill to a client and

therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *ACLU of Ga. v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999) (quotation omitted and emphasis removed).

## Analysis

Plaintiffs have adequately established damages under the FLSA.  Plaintiffs provide the Damages Chart that includes a summary table of total damages owed.  (Doc. No. 48-1.)  According to the summary table, Defendant owes as follows: (1) $8,881.14 in unpaid minimum wages and $19.40 in unpaid overtime, totaling $8,900.54 in unpaid wages, to Jean Carney; (2) $2,629.00 in unpaid minimum wages and $36.51 in unpaid overtime, totaling $2,665.51 in unpaid wages, to Kimberly Eanes; (3) $6,334.62 in unpaid minimum wages and $21.02 in unpaid overtime, totaling $6,355.64 in unpaid wages, to Bianca Cappello; and (4) $4,861.38 in unpaid minimum wages and $38.52 in unpaid overtime, totaling $4,899.90 in unpaid wages, to Andrew Bruce.  (*Id.* at 1.)  The summary table is supported by additional spreadsheets in the Damages Chart that provide the number of hours worked per pay period, the rate of pay per pay period, the overtime rate of pay per pay period, and the tip credit per pay period for the Plaintiffs.[4]  (*Id.* at 2-12.)  Additionally, in Debes' affidavit, Debes avers that the Damages Chart "represents a summary of voluminous payroll records produced by Defendant in this case."  (Doc. No. 48-3 ¶ 14.)  The amount of damages listed in the summary table of the Damages Chart is further supported by the sworn Answers to the Court's Interrogatories submitted and signed by Andrew Bruce, Bianca Cappello, Kimberly Eanes, and Jean Carney.  (Doc. No. 27; Doc. Nos. 27-1 through 27-4.)  The Court also finds that Plaintiffs are

---

[4] There is no spreadsheet in the Damages Chart that provides the hours worked and rates paid for Jean Carney.  (*See* Doc. No. 46-1.)  However, a spreadsheet reflecting the hours worked and rates paid for Jean Carney was provided as an attachment to Jean Carney's sworn Answer to the Court's Interrogatories that Jean Carney avers is based on the payroll records provided by Defendant.  (Doc. No. 27-3.)

entitled to liquidated damages in an amount equal to actual damages.  29 U.S.C. § 216; *Rodriguez,* 518 F.3d at 1272.

With respect to attorneys' fees, Plaintiffs seek an award totaling $29,295.00, based on 83.7 hours of work at an hourly rate of $350.  (Doc. No. 48 at 6; Doc. No. 48-3.)  As reflected in the Time Report, Debes spent 83.7 hours on the action from April 16, 2012 to January 9, 2013.  (Doc. No. 48-5.)  This time was spent preparing pleadings and discovery, reviewing documents, participating in correspondence, and engaging in various telephone conferences.  (*Id.*)  In his affidavit, Debes avers that the 83.7 hours of work represents failed attempts to settle the action, preparing the case for trial in compliance with the Court's Case Management and Scheduling Order by serving Defendant with written discovery, reviewing all documents produced by Defendant, and preparing pleadings, supplements to discovery, and disclosures.  (Doc. No. 48-3 ¶¶ 9, 11, 13.)  Additionally, Debes was representing four plaintiffs in this action.  The Court finds that the amount of time spent on this action by Debes, or 83.7 hours, was reasonable.

The Court must next determine whether the requested hourly rate of $350 is reasonable.  An applicant for attorneys' fees bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing rates.  *Norman,* 836 F.2d at 1299.  "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work."  *Id.*  Instead, "satisfactory evidence must speak to rates actually billed and paid in similar lawsuits."  *Id.*; *see also Duckworth,* 97 F.3d at 1396 (noting that the party seeking to establish a reasonable hourly rate may submit direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates).

In his affidavit, Debes states that based on his experience, "the rate being charged is reasonable and comparable to (and generally lower than) what other lawyers in the Middle District

of Florida charge (and are awarded) according to reported and unreported decisions out of the

Middle District in similar wage-related cases."  (Doc. No. 48-3 ¶ 12.)  According to Debes'

curriculum vitae, Debes has been practicing law since 1989, has participated in numerous cases

involving FLSA claims, is a member of the National Employment Lawyers Association, and has

made several presentations concerning the FLSA, specifically including its tip provisions. (Doc. No.

48-4.)

Plaintiffs have also submitted the Barack Declaration in support of the request for an

attorneys' fee award based on a $350 hourly rate.  (Doc. No. 48-7.)  Barack is a Board Certified

Labor and Employment Law attorney practicing in Tampa Bay.  (*Id.* ¶¶ 2, 3.)  Barack states that he

has "litigated and tried employment cases, [sic] in the Middle District of Florida and before the

United States Court of Appeals for the Eleventh Circuit."  (*Id.* ¶ 13.)  Barack avers that he has

"reviewed some of the pleadings filed in this case, including Plaintiffs' motion for attorney's fees

and attachments . . . ."  (*Id.* ¶ 14.)  Barack also cites to several employment law cases from the

Middle District of Florida in which the court awarded attorneys' fees based on a rate of $350 per

hour. (Doc. No. 48-7 at 4-5 (citing *Holland v. Gee,* No. 8:08-cv-2458-T-33AEP, 2012 WL 5845344,

at *1 (M.D. Fla. Oct. 23, 2012); *Wright et al v. First Mortgage Am., Inc.,* No. 8:06-cv-727-JDW-

MSS; *Dail v. George A. Arab, Inc.,* 391 F. Supp. 2d 1142 (M.D. Fla. 2005).)[5]  Based on Barack's

---

[5] The court in *Holland* adopted the recommendation of the Magistrate Judge that attorneys'
fees be awarded based on an hourly rate of $350 for an attorney who has practiced almost
exclusively in matters pertaining to labor and employment for fourteen years. *Holland,* 2012 WL
5845344, at *1.  The court in *Wright et al.,* granted in part the Motion for Entry of Judgment
requesting an attorneys' fee award based on an hourly rate of $350 in an FLSA action. *Wright et
al.,* No. 6-cv-727-JDW-MSS (Doc. Nos. 29, 33.)  In *Dail,* the court accepted the stipulation of the
parties that the hourly rate for the lead counsel of $350 in an FLSA action was reasonable. *Dail,* 391
F. Supp. 2d at 1147.  The court in *Dail* further noted that although $350 per hour exceeded the
(continued...)

"knowledge of the rates charged for experienced labor and employment counsel," Barack opines that

"the hourly rate sought in this matter is below the market rates for lawyers of similar qualifications

and experience." (*Id.* ¶ 21.)  The Court finds that Plaintiffs have met their burden of producing

satisfactory evidence that the requested hourly rate of $350 is in line with prevailing rates. *Norman,*

836 F.2d at 1299.  Further, the Court finds that the rate of $350 per hour is reasonable in the absence

of any objection and in light of Debes' experience and the work performed in this matter.

Lastly, the Court finds that Plaintiffs are entitled to the following amount in costs under §

216(b): (1) $360.00 in filing fees; (2) $52.21 for copies; (3) $85.00 for a service fee; and (4) $949.00

in deposition costs.   (Doc. No. 48-6).   These costs, which total $1,446.21, are specifically

enumerated in 28 U.S.C. § 1920 and have been recognized as recoverable costs under § 216(b).  28

U.S.C. § 1920; *Gary Brown & Assocs., Inc.,* 268 Fed. App'x at 845-46.

## Conclusion

Upon consideration it is **ORDERED** that the Motion to Establish Damages, Attorneys' Fees,

and Costs and to Enter Final Judgment filed by Plaintiffs Andrew J. Bruce, Bianca Cappello, Jean

M. Carney, and Kimberly D. Eanes (Doc. No. 46, filed Jan. 10, 2013) is **DENIED** as moot.  The

Amended Motion to Establish Damages, Attorneys' Fees, and Costs and to Enter Final Judgment

filed by Plaintiffs Andrew J. Bruce, Bianca Cappello, Jean M. Carney, and Kimberly D. Eanes (Doc.

No. 48, filed Jan. 28, 2013) is **GRANTED** as follows:

---

[5](...continued)
reasonable hourly rate in Orlando in 2005, it was not grossly excessive. *Id.*

1.      The Clerk is directed to enter Judgment in favor of Plaintiff Andrew Bruce and against Defendant in the amount of $4,899.90 in unpaid wages and $4,899.90 in liquidated damages for a total of $9,799.80;

2.      The Clerk is directed to enter Judgment in favor of Plaintiff Bianca Cappello and against Defendant in the amount of $6,355.64 in unpaid wages and $6,355.64 in liquidated damages for a total of $12,711.28;

3.      The Clerk is directed to enter Judgment in favor of Plaintiff Kimberly Eanes and against Defendant in the amount of $2,665.51 in unpaid wages and $2,665.51 in liquidated damages for a total of $5,331.02;

4.      The Clerk is directed to enter Judgment in favor of Plaintiff Jean Carney and against Defendant in the amount of $8,900.54 in unpaid wages and $8,900.54 in liquidated damages for a total of $17,801.08;

5.      The Clerk is directed to assess an award of attorneys' fees in the amount of $29,295.00 and costs in the amount of $1,446.21 against Defendant and in favor of Plaintiffs for a total award of attorneys' fees and costs of $30,741.21;

6.      Plaintiffs are entitled to post-judgment interest as allowed by law from after the date of entry of the final judgment, for which sum execution should issue;

7.      The Clerk is directed to file a final judgment consistent with this Order and to close this case.

**Done** and **Ordered** in Chambers in Orlando, Florida on February __20__, 2013.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies Furnished To:
Counsel of Record
Hanstell, L.L.C. d/b/a Boston Beef & Seafood Restaurant